IKUTA, Circuit Judge,
dissenting:
The plea agreement in this case states:
*768 The parties agree that, if before defendant is sentenced, contrary or additional information is discovered concerning defendant’s criminal history that changes defendant’s applicable [specific offense characteristics], then the Government may recommend a sentence based upon any such changes.
When the government entered this agreement, it knew that Rodriguez-Garcia had a 2006 felony conviction for the transportation of marijuana. A month later, the government received Rodriguez-Garcia’s criminal history report, which revealed a 1987 assault conviction under section 245(b) of the California Penal Code. Because the criminal history report was “contrary or additional information ... concerning defendant’s criminal history,” the government did not breach the plea agreement when it changed its sentencing recommendation.
The majority disagrees, claiming that a rap sheet in the government’s possession at the time of the agreement disclosed that Rodriguez-Garcia had been convicted of a violation of section 245(b). A fair review of the rap sheet shows nothing of the sort.[1] Even accepting the appellant’s claims about how the codes and abbreviations in the rap sheet should be interpreted, nothing in the rap sheet states that Rodriguez-Garcia was convicted of a violation of section 245(b). Moreover, because other convictions are noted expressly on the rap sheet, the clear inference is that Rodriguez-Garcia was not convicted of a section 245(b) violation. Most important, the district court, which had twenty years of reviewing such rap sheets, concluded that “the rap sheet is devoid of any disposition” for the section 245(b) charge. We are bound by this factual finding, because it is not clearly erroneous.
In reaching a contrary conclusion, the majority relies on a chain of inferences viewed with the clarity of hindsight. The majority points out that halfway down the page of coded rap sheet entries there is a reference to a parole violation. Rodriguez-Garcia associates this reference with a prior entry that lists a section 245(b) charge. Putting these two entries together, the majority infers that a parole violation implies a prior conviction. Maj. Op. at 767. But the problem with this inference is that the parole violation does not clearly refer to the section 245(b) charge. In fact, the connection between the parole violation and the section 245(b) charge is so unclear that it was missed by the experienced district court as well as by both parties’ lawyers in the proceedings below. At a minimum, the government cannot be charged with actual knowledge of information that can be inferred only through aggressive interpretation and guesswork. See, e.g., United States v. Sutton, 794 F.2d 1415, 1423 (9th Cir.1986) (holding that the government’s agreement not to file charges against the defendant based on “conduct known to the government” referred only to criminal activity actually known to the government, not activity “that reasonably could have been known”).
Because the district court’s ruling was not clearly erroneous and because we may not hold that the government had actual knowledge of a conviction merely because it failed to make a chain of inferences, the government did not breach its plea agreement. I dissent.
*769 [[Image here]]
*770 [[Image here]]

. A copy of the rap sheet is attached.